## PETITION OF WILLIAM BLAKELY *et al.* FOR AN OPINION OF THE COURT.

Discretionary powers conferred on a trustee by a will are to be regarded as annexed to the office of trustee rather than as being personal to the one named as trustee in the will, where there is nothing in the language to show that the

powers conferred were because of any peculiar confidence reposed in the person named as trustee, and the object of the trust would be defeated if the discretionary powers were withheld from a new trustee.

A testator gave the residue of his estate to W. in trust for the use and benefit of his son A. or his children, the rents and income to be paid to him or to them according to the discretion of W. in such manner and at such times as he may think best. "And if said trustee thinks best he may at any time transfer the whole or any part of the property hereby given him in trust to my said son A. or to his children in fee simple, discharged of all trusts, according to his discretion."

*Held,* that the discretionary powers conferred on W. were not personal to him but annexed to the office of trustee.

CASE STATED for an opinion of the court under the Judiciary Act, cap. 20, § 24.

The third clause of the will of Sterry Whipple, late of Smithfield, R. I., deceased, is as follows :

"Third. I give devise and bequeath unto said Henry C. White one undivided half part of the residue and remainder of all the estate of which I may die seized and possessed, both real and personal of every name and nature and description wherever and however the same may be situated, In Trust for the use and benefit of my son Austin N. Whipple, or his children ; the rents profits and income thereof to be paid to him or to them according to the discretion of the said Henry C. White, in such manner and at such times as he may think best. And if said trustee thinks best he may at any time transfer the whole or any part of the property hereby given him in trust to my said son Austin N. Whipple, or to his children, in fee simple, discharged of all trusts, according to his discretion."

Henry C. White, the trustee named in the will, having deceased, William Blakely, one of the petitioners, was appointed trustee in his place.

*January* 3, 1896. PER CURIAM. We are of the opinion that the discretionary powers conferred by the testator on the original trustee were intended by the testator to be annexed to the office of trustee, rather than to be personal to the original trustee, and, hence, that they can be exercised by the new trustee. Our reasons for this opinion are, 1st, that there is nothing in the language to show that the powers

conferred were because of any peculiar confidence reposed by the testator in the person originally named as trustee, and, 2nd, to withhold the exercise of the discretionary powers by the new trustee, would have the effect to defeat the object of the trust. *Burdick* v. *Goddard*, 11 R. I. 516, 518.

*Walter H. Barney*, for petitioners.